IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.3:05cr135/LAC

MICHAEL STEVEN FOSTER

### GOVERNMENT'S FACTUAL BASIS FOR GUILTY PLEA

If this case were to proceed to trial the Government would present evidence in the form of testimony and exhibits proving that Michael Steven Foster, date of birth July 19, 1969, did knowingly commit thirteen (13) counts of Aggravated Sexual Abuse, in violation of Title 18 United States Code, Sections 2241(c) and 7, with ▇, date of birth ▇▇▇▇, prior to ▇▇. attaining the age of twelve (12) years.

The Government would also present evidence in the form of testimony and exhibits proving that Michael Steven Foster did knowingly commit twenty-eight (28) counts of Sexual Abuse of a Minor, in violation of Title 18, United States Code, Sections 2243(a) and 7, with ▇▇, while ▇▇ was between the ages of twelve (12) and sixteen (16) years.

On at least a monthly basis beginning in June of 2002, Michael Steven Foster caused ▇▇ to perform sexual acts with him, including vaginal intercourse and oral sex. This sexual activity took place in Eglin Air Force Base Housing, a special maritime and

territorial jurisdiction of the United States. On a couple of occasions, ▇ was allowed to stay home from school in exchange for participating in sexual acts with Michael Steven Foster. ▇ reported that the last time Michael Foster had intercourse with ▇ was in October of 2005. ▇ also reported that Michael Foster threatened ▇ by telling her that if she did not continue to perform these sex acts with him, he would engage in sexual activity with her younger sister.

A CPT physician, experienced in conducting forensic examinations of victims of sexual abuse, performed a physical examination of ▇ on November 4, 2005. The physician determined that ▇ had engaged in sexual intercourse over an extended period of time.

After signing a written waiver of Miranda rights, Michael Foster was interviewed on November 14, 2005. Michael Steven Foster admitted to having had intercourse, oral sex, and other sexual contact with ▇. He estimated that he had intercourse or oral sex on a monthly basis with ▇. Michael Steven Foster explained that he gave ▇. the option to "Fuck or Suck". Michael Steven Foster said that it was ▇'s decision whether she would have intercourse or oral sex. Michael Steven Foster admitted to having put ▇ in different sexual positions when they had intercourse, to include him being on top, him being on the bottom, and ▇ kneeling on her hands and knees at the edge of the bed while he stood behind her.

Michael Foster admitted to telling ▇ that if their relationship did not continue, he would begin a sexual relationship with her younger sister ▇. He also told her that if

2

she told anyone he would be facing charges by law enforcement and would be arrested.

I HEREBY CERTIFY that the foregoing is true and correct to the best of my knowledge and belief.

ROBERT DENNIS
Attorney for Defendant

1-29-06
Date

MICHAEL STEVEN FOSTER
Defendant

1-24-06
Date

Respectfully submitted,
GREGORY R. MILLER
United States Attorney

TIFFANY H. SIMS
Assistant U.S. Attorney
Florida Bar No. 0193968
21 East Garden Street
Suite 400
Pensacola, Florida 32502
(850) 444-4000

3