IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                         Case Nos.:  3:05cr135/LAC/EMT

MICHAEL STEVEN FOSTER

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Michael Steven Foster's "Petition for Writ of Audita Querela Under the 'All Writs Act' 28 U.S.C. § 1651 'Judgment Which Correct When Rendered' 'since has Become Invalid' [Petition and Brief Combined]" (ECF No. 68). After a review of the record and the arguments presented, it is the opinion of the undersigned that the petition should be denied.

PROCEDURAL BACKGROUND

Petitioner Michael S. Foster was charged via criminal complaint with Aggravated Child Abuse and Child Abuse (ECF No. 1). After his arrest, Petitioner cooperated with law enforcement and admitted to having engaged in sexual conduct with the minor victim, his biological daughter, over an extended period of time. A grand jury charged Petitioner with thirteen counts of knowingly engaging in a sexual act with an individual who had not yet attained the age of twelve, and twenty-eight

counts of engaging in sexual misconduct with an individual between the ages of twelve and sixteen (ECF No. 12). The charged conduct corresponded with Petitioner's admission to sexual conduct with his daughter on a monthly basis from June of 2002 through October 2005, although the victim's statement and medical examination suggested that the conduct was much more frequent and far reaching than that admitted to by Petitioner (*see* ECF No. 64, PSR ¶¶ 11, 14, 16).

The Presentence Investigation Report ("PSR") calculated the applicable guidelines range to be 235 to 293 months. This range applied only to Counts One through Thirteen, as Counts Fourteen through Forty-One were subject to a 180-month statutory maximum (ECF No. 64, PSR ¶¶ 371, 372). At sentencing, the court departed from the guidelines range and sentenced Petitioner to the statutory maximum term of life imprisonment on Counts One through Thirteen, and concurrent 180-month terms on Counts Fourteen through Forty-One (ECF No. 30, 50). Petitioner appealed, and the Eleventh Circuit affirmed in December of 2006, finding that his sentence was reasonable (ECF No. 60).

In 2009, another inmate filed a request for a copy of Foster's docket sheet (ECF Nos. 61, 62). Petitioner himself filed nothing further until January of 2017, when he filed a "Petition for Writ of Habeas Corpus Pursuant to the All Writs Act"

(ECF No. 63). This court entered an order advising Petitioner that because of the nature of the claims raised therein, it intended to construe the petition as a motion to correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 65). It further advised, pursuant to *Castro v. United States*, 540 U.S. 373 (2003), that if Petitioner objected to this characterization, he should file an objection and/or motion so indicating. He did so, and filed the now pending Amended Petition for Writ of Audita Querela in which he raises four claims for relief (ECF No. 68).

## ANALYSIS

"*Audita querela,* Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). In *Holt*, the seminal Eleventh Circuit case on these writs, a federal prisoner filed a petition for a writ of *audita querela* in order to collaterally attack his sentence claiming that *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), was retroactive. *Holt*, 417 F.3d at 1174. The *Holt* petitioner argued that a federal court may vacate either a criminal conviction or a sentence pursuant to a writ of *audita querela* if there is a legal objection that did not exist at the time judgment was entered, such as through a change in intervening law. *Id.* Petitioner Holt

Case Nos.: 3:05cr135/LAC/EMT

maintained that because he could not have raised his claim until the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and relief was not available to him under § 2255 or § 2241, a writ of *audita querela* was his only viable avenue of relief. After a brief review of the history of the writ, the Eleventh Circuit held that a writ of *audita querela* may not be granted when relief is cognizable under § 2255. *Holt*, 417 F.3d at 1175. Cognizable, however, is not tantamount to "available." *See United States v. Frank,* 414 F. App'x 252, 254 (11th Cir. 2011) (petitioner attacking the legality of his sentence was ineligible for relief under a writ of *audita querela* because he was "eligible to move for § 2255 relief" despite the expiration of the statute of limitations) (citing *Holt*); *United States v. Doyharzabal*, 329 F. App'x 874 (11th Cir. 2009) (denying petitioner's motion claiming that *audita querela* was the only remaining avenue to challenge the constitutionality of his sentence because the relief sought is "cognizable" under § 2255). The *Holt* court noted that it was proper to liberally construe Holt's *audita querela* petition as a motion pursuant to § 2255. *Holt,* 417 F.3d at 1175. Because Holt had not obtained an order authorizing the district court to consider what would be his second and successive motion for § 2255 relief, it affirmed the district court's denial of the motion. *Id*. The Eleventh Circuit has continued to uphold the dismissal of *audita*

*querela* petitions construed as second or successive § 2255 motions. *See, e.g., United States v. Richardson*, 481 F. App'x 534 (11th Cir. 2012); *United States v. Mayne*, 419 F. App'x 953 (11th Cir. 2011); *United States v. Davis,* 352 F. App'x 314, 315 (11th Cir. 2009); *United States v. Arevalo*, 368 F. App'x 957, 958 (11th Cir. 2010).   If other statutory remedies are available, the writ is likewise foreclosed. *See United States v. Rainey*, 537 F. App'x 836. 838 (11th Cir. 2013) (claims raised in a petition that were cognizable under § 2241 were thus "otherwise covered by statute" such that relief under a writ of audita querela was inappropriate); *Orlansky v. United States*, 627 F. App'x 915 (11th Cir. 2015) (claim of error in restitution order had a statutory remedy, thus foreclosing relief by way of the writ of audita querela).

   Foster raises the following four issues in his petition:

1. Wether [sic] or not the new rule of the Supreme Court of the United States makes the incorrect application of the Sentencing Guidelines unconstitutional and available for collateral review;

2. Wether [sic] or not the new rule of the Supreme Court of the United States makes the court incorrect for convicting the petitioner to [sic] multiple convictions in violation of the Whartons Rule, of Double Jeopardy, for the multiplication of the same crime, and because of a new rule of Teague makes the challenge available on collateral review that was not previously present;

3. Wether [sic] or not the district court committed plain error when it refused to conduct a proper competency evaluation that shows that Petitioner is suffering and may have been suffering from military identified post tramadic [sic] stress in violation of due process of the law; [and]

4. The district court committed plain error when it imposed and increased the length of a guidelines recommended sentence to enable offender to complete a treatment program or otherwise promote a rehabilitation goal in violation of the Fifth Amendment due process of the U.S. Constitution.

(ECF No. 68 at 5–7).

Each of these claims attacks the legality of Petitioner's conviction or sentence. Petitioner seeks to use the writ of *audita querela* to circumvent the procedural limitations on filing § 2255 motions.

Petitioner appears to claim that the issues raised in his first and second grounds for relief were not previously available, such that he could not have pursued § 2255 relief within the statutory deadline. Section 28 U.S.C. § 2255(f)(3) and (4) provide exceptions to the general rule that § 2255 motions must be filed within one year from the date the conviction become final. Thus, if the Supreme Court's holding in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), is a newly recognized right made retroactively applicable to cases on collateral review, § 2255 relief is still cognizable. Furthermore, as noted above, Petitioner's sentence on

Counts One through Thirteen, which was in excess of the applicable guidelines range, was approved by the Eleventh Circuit as reasonable. Thus, even if there had been any error in the guidelines calculations, which Petitioner has not shown, in light of the court's imposition of the statutory maximum sentence and its reasons for doing so, it is highly improbable that any change in the guidelines range would have affected the sentence.

Petitioner's argument with respect to ground two suggests that he should have been charged with a single charge of child abuse because the molestation was "one continuous act" akin to conspiracy, and he notes that minor "agreed to have relations over the four-year period" and that "the pattern was consensual" (ECF No. 68 at 36, 41). The basis for his assertion that this argument could not have been raised sooner is unclear, but in any event it does not warrant *audita querela* relief. Similarly, Petitioner's third and fourth claims could have been brought in a timely motion pursuant to 28 U.S.C. § 2255.

Petitioner has not shown that he is entitled to relief pursuant to the writ of *audita querela*. His amended petition should be denied.

Case Nos.: 3:05cr135/LAC/EMT

Certificate of Appealability

A certificate of appealability is not required to appeal the denial of a writ of audita querela.  *See United States v. Garza,* 185 F. App'x 430 (5th Cir. 2006); *United States v. Topsy*, 181 F.3d 96 (5th Cir. 1999); *cf. United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (noting without comment that district court granted certificate of appealability in appeal of denial of motion for writ of audita querela, but petition had been construed as one pursuant to 28 U.S.C. § 2255).

Based on the foregoing, it is respectfully **RECOMMENDED**:

The amended Petition for Writ of Audita Querela Under the 'All Writs Act' 28 U.S.C. § 1651 'Judgment Which Correct When Rendered' 'since has Become Invalid' [Petition and Brief Combined]" (ECF No. 68) be **DENIED**

At Pensacola, Florida, this 2nd day of March 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:05cr135/LAC/EMT