Page **1** of **7**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:05cr135/LAC/CJK
   3:18cv2174/LAC/CJK

MICHAEL STEVEN FOSTER
_____/

REPORT AND RECOMMENDATION

Defendant Michael Steven Foster has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 81.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and should be summarily dismissed.

PROCEDURAL BACKGROUND

Defendant Michael Steven Foster was charged via criminal complaint with Aggravated Child Abuse and Child Abuse. (ECF No. 1.) After his arrest, Foster

cooperated with law enforcement and admitted to having engaged in sexual conduct with the minor victim, his biological daughter, over an extended period of time. The federal grand jury charged Foster with thirteen counts of knowingly engaging in a sexual act with an individual who had not yet attained the age of twelve, and twenty-eight counts of engaging in sexual misconduct with an individual between the ages of twelve and sixteen.   (ECF No. 12.)   The charged conduct corresponded to Foster's admission to sexual conduct with his daughter on a monthly basis from June of 2002 through October 2005, although the victim's statement and medical examination suggested the conduct was much more frequent and far reaching than his admission.   (*See* ECF No. 64, PSR ¶¶ 11, 14, 16.)   Foster's daughter was under twelve when the conduct began but over twelve by the time it ended.

The Presentence Investigation Report ("PSR") calculated the applicable guidelines range to be 235 to 293 months.   This range applied only to Counts One through Thirteen, as Counts Fourteen through Forty-One were subject to a 180-month statutory maximum.   (ECF No. 64, PSR ¶¶ 371, 372.)   At sentencing, the court departed from the guidelines range and sentenced Foster to the statutory maximum term of life imprisonment on Counts One through Thirteen, and concurrent 180-month terms on Counts Fourteen through Forty-One.   (ECF Nos.

Case Nos.: 3:05cr135/LAC/CJK; 3:18cv2174/LAC/CJK

30, 50.)  Foster appealed, and the Eleventh Circuit affirmed in December of 2006, finding that his sentence was reasonable.  (ECF No. 60.)

In 2009, another inmate filed a request for a copy of Foster's docket sheet. (ECF Nos. 61, 62.)  Foster himself filed nothing further until January of 2017 when he filed a "Petition for Writ of Habeas Corpus Pursuant to the All Writs Act" (ECF No. 63.)  The court advised Foster pursuant to *Castro v. United States*, 540 U.S. 373 (2003), that it would construe the petition as one pursuant to 28 U.S.C. § 2255, unless he objected.  (ECF No. 65.)  Foster objected and filed an Amended Petition for Writ of *Audita Querela* which the district court denied in April of 2017.  (ECF Nos. 68, 69, 73.)

Foster has now filed the present motion to vacate, dated October 5, 2018. (ECF Nos. 81.)  The motion advances two grounds for relief with apparent subissues, and Foster claims that the motion is timely.  The grounds each relate to Foster's sentencing.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Foster does not contend that he filed his motion within one year from the date the conviction became final. In the space on the § 2255 form where the litigant is to address the timeliness of the motion, Foster states:

> The issues became relevant after the window, for the § 2255 could have been filed there was never a first § 2255 filed and the issue ripened after the time had lappsed (sic), and the issues once was a good law, now is not good law.

(ECF No. 81 at 10.)

The apparent basis for Foster's belief his petition is timely appears to be a citation to *Class v. United States*, 138 S. Ct. 798 (2018), in the supporting memorandum. In *Class*, the Supreme Court held that a guilty plea does not alone bar a defendant from challenging the constitutionality of the statute of conviction on direct appeal and that a defendant's negotiated guilty plea does not waive direct appellate review of his constitutional claims. According to the Court, its holding

Case Nos.: 3:05cr135/LAC/CJK; 3:18cv2174/LAC/CJK

Page **5** of **7**

"flows directly from this Court's prior decisions," 138 S. Ct. at 803, and clearly and expressly pertains to a defendant's rights on direct appeal. No new right was recognized by the Supreme Court. No right has been made retroactively applicable on collateral review so as to restart the statute of limitations for filing a § 2255 motion. Moreover, the holding in *Class* is inapposite to the arguments Foster seeks to raise, including that he should not have been sentenced pursuant to an increase in the corresponding guideline range that occurred during the course of his offense conduct (ECF No. 81 at 15), and that he should not have been sentenced "multiple times" for a continuing offense that took place over a period of four years with a "willing participant." (ECF No. 81 at 20.) These two grounds reflect similar arguments raised in Foster's petition for a writ of *audita querela*, which the court denied, noting that such claims could have been raised earlier. Foster has not indicated any attempt to rely on the doctrine of equitable tolling, and no basis for application of this doctrine is apparent from the record. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). The untimely § 2255 motion must be dismissed.

Case Nos.: 3:05cr135/LAC/CJK; 3:18cv2174/LAC/CJK

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:05cr135/LAC/CJK; 3:18cv2174/LAC/CJK

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (ECF No. 81) be summarily **DENIED and DISMISSED** as untimely.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of October, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:05cr135/LAC/CJK; 3:18cv2174/LAC/CJK